**GALLAGHER BENEFIT SERVICES, INC., Plaintiff–Appellee,**

v.

**James DE LA TORRE; Andreini & Company, Defendants–Appellants.**

**No. 07–17316.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 12, 2008.

Filed June 24, 2008.

Krista L. Mitzel, Esq., Seyfarth Shaw LLP, San Francisco, CA, for Plaintiff–Appellee.

David Jay Morgan, Esq., San Mateo, CA, for Defendants–Appellants.

Before: TASHIMA, McKEOWN, and GOULD, Circuit Judges.

## MEMORANDUM *

James De La Torre ("De La Torre") and his current employer, Andreini & Company ("Andreini"), appeal from the district court's grant of a preliminary injunction barring De La Torre and Andreini from soliciting, placing, or accepting business from ten prospective or current clients of De La Torre's former employer, Gallagher Benefit Services, Inc. ("Gallagher"). We affirm the injunction in part, and vacate and remand in part.

We may reverse the grant of a preliminary injunction only when the court abused its discretion, or based its decision on an erroneous legal standard or clearly erroneous findings of fact. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 (9th Cir.2001). The party moving for a preliminary injunction must show either (1) a combination of probable success on the merits and the possibility of irreparable injury, or (2) that serious questions are raised and the balance of hardships tips sharply in favor of the movant. *Id.* at 839–40. Here, the court evaluated Gallagher's motion for a preliminary injunction under the first prong.

▮ The district court based its order on Gallagher's claims of trade secret misappropriation and violation of the unfair competition laws.[1] Cal. Civ.Code §§ 3426–3426.11; Cal. Bus. & Prof.Code § 17200. The court concluded that De La Torre and Andreini likely misappropriated trade secrets by using proprietary information to solicit Gallagher customers. Its finding was based primarily on forensic evidence that De La Torre accessed and likely copied a large volume of computer files from his Gallagher-issued laptop before he resigned. However, there was no evidence that any of these accessed files were in fact trade secrets. It was thus an abuse of discretion for the court to find, based on the results of the computer search alone, that De La Torre likely misappropriated trade secrets. The court did not abuse its discretion, however, in finding that Gallagher's customer–related information,[2] such

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Gallagher asks us to decide the validity and enforceability of Paragraph 13 of its Executive Agreement, which contains a restriction on solicitation. Because the district court made no findings on this issue, we decline to address it. *See Singleton v. Wulff*, 428 U.S. 106, 120, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976) (noting that an appeals court generally

"does not consider an issue not passed upon below.").

2. De La Torre and Andreini filed a motion asking us to take judicial notice of a Gallagher webpage showing that the National Council of Bankruptcy Clerks and Federal Law Enforcement Officers Association are Gallagher clients. We deny the motion, as it was incumbent upon the appellants to submit such evidence to the district court in a timely manner.

as its customers' key contacts and preferences, was a trade secret. *See MAI Sys. Corp. v. Peak Computer, Inc.*, 991 F.2d 511, 521 (9th Cir.1993).

■ The evidence supporting the inference that solicitation, and thus trade secret misappropriation, probably occurred is that the National Council of Bankruptcy Clerks ("NCBC") and Federal Law Enforcement Officers Association ("FLEOA") defected to Andreini within less than two weeks of De La Torre's resignation, and De La Torre's purported representation to NCBC that there would be no change in services or premiums under Andreini. Although one might draw different inferences from this evidence, the court's finding that De La Torre and Andreini likely solicited NCBC was not clear error. *See Earth Island Inst. v. U.S. Forest Serv.*, 442 F.3d 1147, 1156 (9th Cir.2006) (citations omitted) (stating that "[a]s long as the district court got the law right, it will not be reversed simply because the appellate court would have arrived at a different result if it had applied the law to the facts of the case."). But, FLEOA's transfer to Andreini is insufficient to support a finding that De La Torre likely solicited FLEOA. Therefore, the court's finding as to the solicitation of FLEOA cannot be sustained.[3]

■ The evidence supporting the court's conclusion that trade secret misappropriation probably occurred also sustains its finding that De La Torre and Andreini likely used Gallagher's confidential information in violation of the unfair competition laws with respect to NCBC. *See Courtesy Temp. Serv. v. Camacho*, 222 Cal. App.3d 1278, 1291–92, 272 Cal.Rptr. 352 (1990). The court's conclusion that Galla-

gher showed a probability of success on the merits of its trade secrets misappropriation and unfair competition claims was not an abuse of discretion. David Brown's declaration as to the goodwill and customers that Gallagher would lose absent equitable relief supports its finding of irreparable injury. *See Stuhlbarg*, 240 F.3d at 841 (noting that the "threatened loss of prospective customers or goodwill certainly supports a finding of the possibility of irreparable harm.").

■ Where injunctive relief is warranted, the order must be narrowly tailored to "remedy only the specific harms shown by the plaintiffs, rather than 'to enjoin all possible breaches of the law.' " *Price v. City of Stockton*, 390 F.3d 1105, 1117 (9th Cir.2004) (per curiam) (citation omitted). The district court prohibited De La Torre and Andreini from soliciting, accepting, or placing business from ten prospective and current Gallagher clients. But the specific harms documented by Gallagher, and found by the district court, relate to De La Torre's alleged solicitation only of NCBC.

California courts have approved of orders prohibiting former employees from "doing business with" customers of their former employers only where there is evidence that wrongful solicitation has occurred. *See, e.g., Morlife v. Perry*, 56 Cal.App.4th 1514, 1527, 66 Cal.Rptr.2d 731 (1997) (approving permanent injunction barring former employees from "doing business with any of the 32 entities who switched their business ... after being unlawfully solicited."). Because some evidence supports the inference that De La Torre solicited NCBC, we affirm that portion of the injunction prohibiting De La

---

**3.** The parties represented at oral argument that Gallagher's motion for a preliminary injunction was filed at the outset of the litigation, before discovery began. We emphasize that our decision is without prejudice to further proceedings in the district court and does not preclude future injunctive relief.

Torre and Andreini from "soliciting, placing or accepting business from" NCBC.

However, the court abused its discretion by including within its order nine other entities for which there was no evidence or insufficient evidence of solicitation or use of trade secret or proprietary information: FLEOA, Department of Justice Recreation Association, Treasury Department Recreation Association, Nurses of the Veterans Association, American Foreign Services Association, American Society of Military Comptrollers, Federal Firefighters Association, National Association of Air Traffic Specialists, and the Environmental Protection Agency Employee Recreation Association. In the absence of evidence of wrongful solicitation or the likelihood of solicitation or use of trade secret information, the court's order went beyond the "specific harms" demonstrated by Gallagher, i.e., the alleged misappropriation of trade secrets and unfair competition based on the use of confidential information. *See Price,* 390 F.3d at 1117. We therefore vacate the portion of the order prohibiting De La Torre and Andreini from "soliciting, placing or accepting" business from the nine above-listed entities.

**AFFIRMED IN PART; VACATED AND REMANDED IN PART.** Each party to pay its own costs on appeal.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.